■ SYLVIA LLOYD, Plaintiff, v CITY OF NEW YORK et al., Defendants. 1319 FIRST AVENUE CORP., Third-Party Plaintiff-Respondent, v ISRAEL SCHAEFFER, Doing Business as ELCO T.V. & RADIO, Third-Party Defendant-Appellant. — Judgment of the Supreme Court, New York County (Soden, J.), entered October 31, 1980, unanimously modified, on the law and the facts, to the extent of reducing such judgment to the sum of $100,000 inclusive of interest, costs and disbursements, and otherwise affirmed, without costs. Plaintiff brought an action against the city and 1319 First Avenue Corp. (1319) to recover for personal injuries suffered as a result of a fall occasioned by reason of a defective cellar door and door frame in premises 1319 First Avenue, New York City, of which 1319 was the owner. 1319 had leased a store in the premises 1319 First Avenue, and the basement adjacent thereto, to a third-party defendant Schaeffer. Under the terms of the lease Schaeffer was required to make all nonstructural repairs to the premises and, in addition, at his own cost and expense, to maintain public liability insurance in favor of 1319 against claims for injury or death occurring on the demised premises. Because 1319 claimed that Schaeffer breached these obligations it vouched him in as a third-party defendant. The jury found in favor of plaintiff in the sum of $115,000 as against both the city and 1319. After the verdict was returned the city moved to set aside the verdict against it. That motion was granted and liability to plaintiff was found to rest solely on 1319. There is here no dispute with respect to that determination. Following the trial of the main action the third-party action, which had been reserved for a Bench trial, proceeded to hearing. The court found that Schaeffer had breached his obligations under the lease in two respects: first he failed to make repairs to the cellar door and frame which were nonstructural appurtenances to the building; and, secondly, in procuring liability insurance he named only himself as the insured instead of naming both 1319 and himself as covered parties. Accordingly, it held that Schaeffer was required to indemnify 1319 for the amount of the judgment recovered

against it. We find no fault with the conclusion that Schaeffer was required to indemnify 1319. However, we note from the record that while the jury was deliberating on the main action counsel for plaintiff and 1319 entered into a stipulation which provided that, in the event the jury returned a verdict in favor of 1319 against plaintiff, 1319 would, nevertheless, pay to plaintiff the sum of $50,000; in the event that the jury returned a verdict in favor of plaintiff and against 1319 in excess of $100,000 plaintiff would accept the sum of $100,000, inclusive of interest, costs and disbursements in full and complete satisfaction; and finally, in the event that the jury returned a verdict in excess of $100,000 against 1319, 1319 assigned to plaintiff the portion thereof "with respect to its actions against the third party defendant". Since 1319, by this stipulation, effectively limited its liability to plaintiff in the sum of $100,000 inclusive of interest, costs and disbursements we hold that the indemnity to which it is entitled is limited to that amount. Concur — Murphy, P. J., Sandler, Bloom, Fein and Asch, JJ.